(No. 3552—)

RUTH LUCAS,. Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 14, 1945.*

SHAPIRO & LAURIDSEN, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

FISHER, J.

This claim was filed November 6, 1940, and the record completed on February 9, 1945. The record consists of the Complaint, Stipulation of Facts, Department Report of Examination on September 1, 1939, Report of Medical Examination on September 29, 1944, Stipulation that case be submitted on record as filed, and Waiver of Statement, Brief and Argument by Claimant and Respondent.

Claimant alleges that she was employed as a stenographer in the office of the Managing Officer of the Manteno State Hospital, and that on August 29, 1939, she became ill with typhoid fever while in the course of her employment. Claimant had no children under 16 years of age at the time of her illness, and her salary was $882.00 per year.

It is stipulated that claimant became ill on September 1, 1939; that she returned to work in the same capacity and at the same salary on December 1, 1939.

Claimant was examined on October 29, 1944, by Dr. Charles H. Wolohan of Washington, D. C., and this examination discloses no permanent disability as a result of claimant's illness from. typhoid fever. Claimant was paid her regular salary during her illness, which amounted to the sum of $220.50 for the three month period claimant was unable to work.

Under the provisions of the Workmen's Compensation Act, claimant's rate of compensation would be $8.48 per week, increased by 10% equals $9.33 per week, and, being incapacitated as a result of her illness for thirteen weeks, she would be entitled to the sum of $121.26. She was paid the sum of $220.50, which was an overpayment of $99.21.

There is no evidence in the record that claimant incurred any expense for medical attention.

It appearing from the record that claimant sustained no permanent disability, and that she has received compensation for temporary total disability in excess of that provided in the Workmen's Compensation Act, the claim for an award must be denied.

The claim for an award is denied.